UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
DERRICK BOWEN JR,

                                            Plaintiff,

  -against-

JAMES HARKINS; and JOHN and JANE DOE 1-10, individually and in their official capacities (the names John Doe being fictitious, as the true names are presently unknown),

                                            Defendants.
------------------------------------------------------------------------X

        ***COMPLAINT AND***
        ***JURY DEMAND***


        Docket No.
        15-cv-5011


        ECF CASE

Plaintiff Derrick Bowen Jr., by his attorney Joseph Indusi, Esq. of London Indusi LLP, for his complaint against Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments of the United States Constitution.

2. The claim arises from a May 2, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Bowen without probable cause. Mr. Bowen spent approximately 22 hours unlawfully in police custody. At arraignments, Mr. Bowen's case was immediately dismissed and sealed in his favor.

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the Court deems

just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331 and 1343(a) (3) and (4).

## VENUE

6. Venue is laid within the Eastern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Eastern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Derrick Bowen Jr. ("Mr. Bowen") resided at all times here relevant in Brooklyn, King's County, City and State of New York.

8. Defendant James Harkins, Tax ID 952831 ("Harkins") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Harkins was, at the time relevant herein, a Police Officer under Tax ID 952831 of the 71st Precinct. Defendant Harkins is sued in his individual capacity.

9. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting

as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## FACTUAL CHARGES

12. On May 2, 2015, at approximately 8:00 p.m., Mr. Bowen was walking on Hawthorne Street in Brooklyn, King's County, New York.

13. Mr. Bowen was not committing any crime or violating any law or local ordinance.

14. Mr. Bowen had the right of way to cross the street.

15. The Defendants, including Defendant Harkins, unlawfully stopped Mr. Bowen in front of 285 Hawthorne Street.

16. The Defendants, including Defendant Harkins, grabbed Mr. Bowen's arm and asked for identification.

17. Mr. Harkins complied with Defendants orders and handed over his identification in the form of a NYS Driver's License.

18. Defendant Harkins arrested Mr. Bowen.

19. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Bowen.

20. Mr. Bowen did not resist arrest.

21. Defendants, including Defendant Harkins, searched Mr. Bowen's person without his authority or permission.

22. No contraband or anything of illegality was found on Mr. Bowen.

23. Mr. Bowen had his house keys and cell phone on his person.

24. Defendants, including Harkins, transported Mr. Bowen to central bookings.

25. Defendants, including Defendant Harkins, conveyed false information to prosecutors in order to have Mr. Bowen prosecuted for Jaywalking.

26. Mr. Bowen was unlawfully held in police custody for approximately 20 hours before being arraigned on those charges.

27. At arraignments, Mr. Bowen reluctantly accepted an Adjournment in Contemplation of Dismissal with Immediate Sealing.

28. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Bowen without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Bowen without probable cause.

29. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Bowen and violate his civil rights.

30. As a direct and proximate result of the acts of Defendants, Mr. Bowen suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, and loss of liberty.

**FIRST CAUSE OF ACTION**
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

31. The above paragraphs are here incorporated by reference as though fully set forth.

32. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiffs without reasonable suspicion.

33. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages herein before alleged.

### SECOND CAUSE OF ACTION
False Arrest and False Imprisonment Under
42 U.S.C. § 1983 Against Individual Defendants

34. The above paragraphs are here incorporated by reference as though fully set forth.

35. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

36. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

38. The above paragraphs are here incorporated by reference as though fully set forth.

39. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Bowen committed a crime.

40. The individual Defendants forwarded false evidence to prosecutors in the King's County District Attorney's office.

41. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fourth and Fourteenth Amendments of the United States Constitution.

42. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the

damages hereinbefore alleged.

## FOURTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

43. The above paragraphs are here incorporated by reference as though fully set forth.

44. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory and special damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 26, 2015
      Brooklyn New York                      Respectfully submitted,


                                                          _____/s/ Joseph Indusi_____
                                                  *Joseph Indusi, Esq.*
                                                  Bar Number: JI6499
                                                  Attorney for Mr. Bowen
                                                  London Indusi LLP
                                                  186 Joralemon Street, Suite 1202
                                                  Brooklyn, NY 11201
                                                  (718) 301-4593 – Phone
                                                  (718) 247-9391 – Fax
                                                  Joe@LondonIndusi.com